UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**LIBERTY MUTUAL GROUP INC**         **CASE NO. 5:20-CV-00967**

**VERSUS**                            **JUDGE DONALD E. WALTER**

**LINUS MAYES**                       **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction [doc. # 7] filed by defendant, Linus Mayes. The motion is opposed. [doc. # 13]. For reasons assigned below, it is recommended that the motion to dismiss be DENIED.

## Background

Plaintiff Liberty Mutual Group Inc. ("Plaintiff"), a citizen of Massachusetts, and Defendant Linus Mayes ("Defendant"), a citizen of Louisiana, are involved in a dispute regarding amounts due on claims made by the Defendant arising out of alleged damage to his home and personal property. [doc. # 1]. On or about May 1, 2019, a tornado allegedly caused damage to the Defendant's premises located in Bethany, Louisiana. [doc. # 1]. On or about October 20, 2019, a second tornado allegedly caused additional damage to that premises. [doc. # 1].

Defendant seeks the full policy limits limits for damage to the dwelling, other structures on the property, and personal property. [doc. # 1]. Additionally, Defendant seeks loss of use in the amount of $1,280,200. [doc. # 1]. The policy limits are $346,000 for the dwelling, $34,600 for other structures on the property, $259,500 for personal property, and actual losses for loss of

use limited to twelve months. [doc. # 1]. Plaintiff denies the amount claimed is due. [doc. # 1]. The parties were unable to agree on the amount of loss covered by the policy, so the appraisal provision in the policy was invoked. It provides:

> **Appraisal**. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.
>
> [doc. # 1-2, Section I, ¶ 6]

The parties were not able to agree on the amount of the loss and were also not able to agree on the appointment of an umpire. [doc. # 1]. On July 29, 2020, Plaintiff filed a complaint for a declaratory judgment to compel appraisal and to appoint an umpire. [doc. # 1]. Plaintiff asserts that this court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties have diverse citizenship, and the amount in controversy is the amount claimed to be due under the policy, which exceeds $75,000. [docs. # 1; 13]. On August 26, 2020, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), arguing, without citation to relevant authority, that there is no subject matter jurisdiction because the amount in controversy is limited to the cost of appointing an umpire: less than the jurisdictional threshold. [doc. # 7-1]. Plaintiff filed its opposition on September 2, 2020. [doc. # 13]. The deadline for Defendant to file a reply was September 9, 2020. Fed. R. Civ. P. 27(a)(4). Accordingly, this matter is ripe.

## **Law and Analysis**

In a declaratory judgment to enforce an appraisal clause in an insurance policy and appoint an umpire, the amount in dispute is the total amount claimed to be due under the policy rather than just the cost of appointing an umpire. The United States Court of Appeals for the Fifth Circuit has held generally that "the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (citing *Texas Acorn v. Texas Area 5 Health Sys. Agency, Inc.*, 559 F.2d 1019 (5th Cir. 1977). Following precedent of both the Second and Third Circuits, the Fifth Circuit has applied this reasoning to cases disputing the right to submit to arbitration, another cause of action where no damages are sought. *See Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996)("[The Second Circuit] state[d] the correct rule in holding that the amount in controversy in a motion to compel arbitration is the amount of the potential award in the underlying arbitration."); *see also Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511 (2d Cir. 1957); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995); *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1068 (3d Cir. 1987).

The Fifth Circuit has not yet specifically addressed the issue of amount in controversy in a petition to compel appraisal and to appoint an umpire. However, the United States District Court for the Eastern District of Louisiana, applying the Fifth Circuit's reasoning in *Leininger v. Leininger* and *Webb v. Investacorp, Inc.*, in this context, has held that "[a]lthough no damages are sought by the plaintiffs . . . the amount in controversy equals the amount at issue under the insurance policies, which [in this case] more than satisfies the amount-in-controversy requirement for diversity jurisdiction." *Church Mut. Ins. Co. v. New Home Full Gospel Ministries*, No. CV 06-5633, 2007 WL 9780601, at *2 (E.D. La. Apr. 5, 2007).

Here, the total amount disputed under the insurance policy exceeds $1,280,200. [doc. #s 1 and 7]. Thus, the amount in dispute is well in excess of the amount-in-controversy requirement for diversity jurisdiction. *See Leininger*, 705 F.2d at 729; *Webb,* 89 F.3d at 256; *see also Church Mut. Ins. Co.*, 2007 WL 9780601, at *2.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction [doc. # 7] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 15th day of September, 2020.

_____
KAREN L. HAYES
United States Magistrate Judge