UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**LIBERTY MUTUAL GROUP INC**         **CASE NO. 5:20-CV-00967**

**VERSUS**                           **JUDGE DONALD E. WALTER**

**LINUS MAYES**                      **MAGISTRATE JUDGE HAYES**

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a petition to appoint an umpire and for declaratory judgment to compel compliance with a contractual appraisal provision pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57 filed by Plaintiff Liberty Mutual Group Inc. [doc. # 1]. Both parties have recommended several umpires, and each party has objected to the other's recommendations. [docs. ## 9, 15, 16]. For reasons that follow, it is recommended that MICHAEL FRIED be appointed as umpire.

### Background

Plaintiff Liberty Mutual Group, Inc. ("Plaintiff" or "Liberty Mutual") and Defendant Linus Mayes ("Defendant" or "Mayes") are involved in a dispute regarding amounts due on several claims made by Defendant arising out of alleged tornado damage to his home and personal property. Defendant's claims exceed his policy limits. Plaintiff denies the amount claimed is due, and the amount due is in dispute. Thus, because they are unable to agree on the amount of the claim, Plaintiff maintains that the appraisal provision of the policy has been invoked.

The Policy's appraisal provision provides, in relevant part:

> **Appraisal**. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.

[doc. # 1-2, Policy at Section I, ¶ 6].

The parties have chosen their own appraisers, but those appraisers have been unable to agree on an umpire, triggering the clause requiring this court to do so. Each side has provided a list of possible umpires for the court to consider.

Plaintiff's recommendations for appointment as umpire are Brent Lochridge, James Crawford, or Michael Fried. Brent Lochridge is the President Unified Building Sciences Construction and Consulting, has a degree in Civil Engineering and a Juris Doctor from the University of Texas, has worked for over twenty-five years in assessing property damage to homes and repair costs, and has served as an expert witness in similar coverage disputes. [docs. ## 9; 16-1, pp. 16-23]. James Crawford is the President of Crawford Engineering, LLC, is a registered Professional Engineer in Louisiana, Texas, and Mississippi, is a registered commercial contractor, has a degree in civil engineering from Texas A&M, and has two decades of experience in performing property damage assessments and estimating the cost to repair damaged structures. [docs. ## 9; 16-1, pp. 1-10]. Michael Fried is the President of All American Public Adjusters, LLC, is an independent insurance adjuster with over a decade of experience in adjusting and appraising property damage claims, has specific experience in assessing property damage from major tornadoes in Joplin, Missouri; Tuscaloosa, Alabama; and Moore, Oklahoma; and is certified as an Umpire. [docs. ## 9; 16-1, pp. 11-15].

Plaintiff recommends Miles Corbitt, Earl Preston, or Luke Irwin to be appointed as umpire, but, despite referencing same as an "Exhibit A" to his submission, does not provide *curriculum vitae*, lists of cases in which any of the three have testified, or indeed any attachment or other documentary support for the qualifications of any of his choices. [doc. # 15]. Plaintiff asserts that Miles Corbitt is the President of Corbitt Public Adjusting, LLC, is a licensed public adjuster in Louisiana, Texas, Mississippi, Florida, North Carolina, and South Carolina, and that he has served as an umpire in Louisiana in the past. [doc. # 15]. Earl Preston is the Owner of Construction Specialist Group, L.L.C., has a general contractor's license, has qualified as an expert in Louisiana courts, and has prior experience as an umpire in Louisiana including in disputes regarding fire loss. [doc. # 15]. Luke Irwin is the president of Irwin & Associates of Louisiana, LLC, has handled over one hundred and fifty insurance appraisals in Louisiana, Mississippi, and Texas and has experience acting as an umpire in the appraisal process. [doc. # 15].

Defendant objects to all of Plaintiff's recommendations on the grounds that they have strong ties to insurance companies and would therefore be biased in favor of the Plaintiff. However, he provides no factual support for this belief.

Plaintiff objects to Defendant's recommendations on the grounds that they lack relevant experience, are not as qualified as Plaintiff's recommendations, and at least one, Miles Corbitt, will necessarily be biased because he is adverse to Liberty Mutual in litigation. [doc. # 16]. Liberty Personal Insurance Company, a company partially owned by Liberty Mutual, recently sued Corbitt, alleging spoliation of evidence related to his adjustment of a separate claim for property damage. [doc. # 16-6].

**Analysis**

Plaintiff is correct in its assertion that the Defendant's choice of Miles Corbitt would be unsuitable. Corbitt is currently being sued by Liberty Mutual for spoliation in another case and so clearly has reason for bias. [doc. # 16-6]. Likewise, Defendant is correct that Plaintiff's choice of Brent Lochridge must also be eliminated. Lochridge's curriculum vitae shows that he has testified overwhelmingly on behalf of insurance companies. [doc. # 16-1, pp. 20-23]. Thus, Lochridge would at least appear to have cause to favor the Plaintiff insurer, Liberty Mutual.

The Defendant's other two choices, Luke Irwin and Earl Preston, lack relevant qualifications. Defendant did not send *curriculum vitae* or other documentation to support the umpires they suggested. However, Plaintiff did provide Irwin's. It shows that Irwin is not an engineer, is not certified as an Umpire, and lacks experience in tornado damage assessments. [doc. # 15]; *see also* [doc. # 16, pp. 2-3].

Neither party provided a resume or *curriculum vitae* for Earl Preston. Defendant avers that he is a building contractor. An internet search shows that he is listed as a co-owner of Construction Specialist Group, L.L.C., located in Harvey, LA. Preston does not appear to hold himself out as an expert in tornado damage or otherwise as capable of acting as an umpire. Defendant avers that Preston has acted as an umpire in connection with a fire loss case, but makes no representation that he has any expertise in engineering or in assessing tornado damage or that he is certified or trained as an Umpire. *See* [doc. # 16-2, p. 2].

Plaintiff's two remaining choices are James Crawford and Michael Fried. The qualifications for each will be addressed below.

While Fried does not have an engineering degree, he has by far the most experience in handling tornado damage cases, having adjusted major losses in Joplin, Missouri; Tuscaloosa,

4

Alabama; and Moore, Oklahoma and is a certified member of the IAUA, Insurance Appraisal and Umpire Assoc. (CPAU), is a certified independent General Insurance Adjuster (GA), and is currently an active multi-state Public Adjuster (PA). Thus, he has specific relevant training and experience in both handling tornado claims and in acting as an umpire. [doc. # 16-1, pp. 11-15]. Furthermore, the fact that Fried testifies much more often on behalf of insureds than insurers should allay the fears of the Defendant insureds as to possible bias. [doc. # 16-1, pp. 13-15].

Crawford has a history of testifying for both insureds and insurers, and he has superior engineering credentials. [doc. # 16-1, p. 1]. However, he is not certified as an umpire and while his experience includes hurricanes and wind damage, he does not specifically claim that he has assessed catastrophic tornado damage. [doc. # 16-1, pp. 1-10]. Nevertheless, he appears to be an impartial and qualified choice.

Thus, while either Fried or Crawford would be a well-qualified and unbiased choice, Fried's specific and extensive experience with catastrophic tornado damage, umpire certification, and deposition and trial history indicating that he will not be biased in favor of the insurer leads the undersigned to recommend that the court select him to act as umpire in this particular case.

## Conclusion

For the above-stated reasons,

IT IS RECOMMENDED that MICHAEL FRIED be appointed as umpire herein.

**Finally, because time is of the essence in this matter, and after consultation with the District Judge to which this case is assigned, the undersigned hereby orders a shortened period for objections to this report and recommendation as follows**:

The parties have **until noon on October 9, 2020** to file specific, written objections with the Clerk of Court. A party may respond to another party's objections **before 5:00 p.m. on**

**October 9, 2020.** A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT BY OCTOBER 9, 2020 SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 2nd day of October, 2020.

KAREN L. HAYES
United States Magistrate Judge